IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOBBY ANTONIO CLAYTON,

                                                                OPINION AND ORDER

                Plaintiff,

                                                                 20-cv-148-bbc

      v.

JEFF SCHWANZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Bobby Antonio Clayton, who is an inmate at the Monroe County jail, is proceeding on a claim that defendant Officer Jeff Schwanz used excessive force against him. Specifically, plaintiff alleges that, without provocation, Schwanz placed plaintiff in a choke hold, hit him in the face and took him to the ground, causing plaintiff to hit his back against a metal beam. In a previous order, I denied him leave to proceed against several other proposed defendants because plaintiff's allegations were not sufficient to state a claim against anyone but defendant Schwanz. Now plaintiff has filed a motion to amend his complaint, seeking to add claims against several of the individuals that I dismissed previously, as well as new proposed defendants. Dkt. #12. Because plaintiff's new allegations still do not state a claim against any new defendants, I will deny his motion to amend his complaint.

      Plaintiff has also filed a motion for a preliminary injunction, requesting that the court order that defendant Schwanz have no contact with plaintiff. Dkt. #14. However, plaintiff has failed to submit facts or evidence sufficient to support his request for emergency

1

injunctive relief. Therefore, I will deny that motion also.

Finally, plaintiff has filed a motion for court assistance in recruiting counsel. Dkt. #10. I will deny this motion as well, because plaintiff has not shown that he cannot afford counsel, that he has made reasonable efforts to find counsel on his own or that the complexity of this case exceeds his ability to litigate it.

OPINION

A. Motion to Amend Complaint

In his original complaint, plaintiff sought to proceed with constitutional claims against supervisory officials and medical care providers at the Monroe County jail. I explained that plaintiff's allegations did not state a claim against the medical care providers because he had provided no details about the severity of his injuries, who was aware of his pain, whether jail medical staff provided him any treatment and what type of treatment he thinks should have been provided and why. As for the supervisory officials, I explained that plaintiff's allegations did not suggest that any supervisory officials caused or participated in the alleged excessive force used by defendant Schwanz.

In his proposed amended complaint, plaintiff alleges that after defendant Schwanz used force against him, plaintiff was taken to the hospital for treatment. Dkt. #13 at 4. When he returned to the jail, nurses did not follow the hospital's orders and did not return him to the hospital even though he was in pain. He also alleges that medical staff treated him for a gunshot wound and colostomy without reviewing his medical records. Id. at 5.

2

These allegations are not sufficient to state a claim against any medical staff. Plaintiff has still provided no details about the injuries caused by Schwanz, the treatment he received or the treatment he thinks he should have received. It is not enough to say that the nurses did not follow orders from the hospital without providing details about what the orders said and whether medical staff provided him alternative treatment. As for plaintiff's allegations about the gunshot wound and colostomy, these allegations appear to be unrelated to the incident involving Schwanz and, for that reason, do not belong in this lawsuit.

Plaintiff also seeks to add claims against supervisory officials at the jail, including a lieutenant and jail captain, for failing to supervise and train jail staff. However, as I explained in the previous screening order, a supervisory official can be liable for a constitutional violation under § 1983 only if the official caused or participated in the constitutional deprivation. Dkt. #8 at 5 (citing Kuhn v. Goodlow, 678 F.3d 552, 555–56 (7th Cir. 2012). For a failure-to-train claim, plaintiff would have to allege facts suggesting that the lieutenant and jail captain were responsible for training jail officers about use of force, that they failed to train jail officers properly and that they knew that their failure to train was likely to lead to a constitutional violation. Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002). Plaintiff alleges only generally that supervisory officials failed to train officers properly, and he does not provide any specific reason to think that supervisory officials knew that failure to train would cause officers to place inmates in choke holds and hit them in the face without provocation—something that officers should not need training to know is inappropriate.

3

Plaintiff also alleges that supervisory officials are aware of his injuries because they read and respond to plaintiff's inmate grievances. However, plaintiff provides no details about what grievances he filed, how the supervisory officials responded or why he thinks that their responses were inadequate. Therefore, plaintiff may not proceed on claims against any supervisory official.

Plaintiff seeks to add a municipal liability claim against Monroe County and the Monroe County Sheriff's Department. To state a claim against the county or sheriff's department, plaintiff would have to allege that defendant Schwanz's allegedly unconstitutional actions were caused by "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." Thomas v. Cook County Sheriff's Department, 604 F.3d 293, 303 (7th Cir. 2010) (citing Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978)). Plaintiff's allegations do not satisfy this standard. He alleges that Monroe County should have prevented Schwanz from returning to work after he assaulted plaintiff and should have punished Schwanz more severely, but he does not allege any policy or custom that led to Schwanz's alleged assault of plaintiff.

Finally, plaintiff alleges in his amended complaint that he has been subjected to retaliation because he has filed grievances and communicated with the court about Schwanz's alleged use of force. It is not clear whether plaintiff is attempting to raise retaliation claims in this lawsuit, but if he is, he has failed to identify any specific person who

4

has retaliated against him. If plaintiff wants to bring retaliation claims, he must (1) name as defendants the individuals who retaliated against him; (2) state specifically what actions each individual defendant took against plaintiff that plaintiff believes were retaliatory; and (3) explain why plaintiff believes the actions were in retaliation for his filing grievances related to the Schwanz incident. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (listing elements of First Amendment retaliation claim). Because plaintiff's amended complaint does not provide this information, he may not proceed with any retaliation claim.

### B. Motion for Preliminary Injunction

Plaintiff requests a court order directing defendant Schwanz to stop harassing plaintiff and to avoid all contact with him. Plaintiff says that he is afraid to come out of his cell when Schwanz is working and that he is worried that Schwanz will assault him again.

Preliminary injunctive relief is an "extraordinary equitable remedy that is available only when the movant shows clear need." Turnell v. CentiMark Corp., 796 F.3d 656, 661 (7th Cir. 2015). To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). I will deny plaintiff's motion for preliminary injunctive relief for two reasons.

First, plaintiff's motion does not comply with this court's procedures for obtaining preliminary injunctive relief. Under those procedures, a plaintiff must submit proposed

findings of fact and evidence to support a request for injunctive relief. I will provide a copy of the procedures to plaintiff with this order.

Second, plaintiff has not shown that irreparable harm will result if the injunction is not granted. The incident at issue in this case occurred in September 2019, nearly nine months ago. Although plaintiff says he is worried that defendant Schwanz will assault him again, plaintiff has provided no information suggesting that an assault is likely. He provides no details about his current situation at the jail, such as how often he interacts with Schwanz, whether Schwanz has used or threatened to use violence against plaintiff since September 2019 or whether Schwanz has engaged in other harassment of plaintiff. Without such evidence, plaintiff has not shown that he is entitled to preliminary injunctive relief.

C. Motion for Assistance in Recruiting Counsel

Plaintiff has also filed a motion requesting that the court recruit counsel to represent him in this case. A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding lawyers to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). To do so, plaintiff must submit a certified copy of his jail trust fund account statement for the previous

six months.

Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must submit copies of letters from at least three lawyers who have declined to represent him in this case, or alternatively, a sworn declaration that includes the date on which he contacted three lawyers regarding this case and the names of the lawyers. Plaintiff has not satisfied this requirement.

Third, plaintiff must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case whether the particular plaintiff should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests. McCaa v. Hamilton, —F.3d—, No. 19-1603, 2020 WL 2554402, at *3 (7th Cir. May 20, 2020).

Plaintiff says that he needs a lawyer because he completed only the tenth grade, he has no legal education, he lacks legal resources and the case is complex. However, many pro se litigants have limited education and few legal resources, and I have not seen evidence that plaintiff is more limited than the typical pro se litigant. All of plaintiff's filings in this case so far have been legible and coherent. He has received assistance from other inmates, and

may continue to do so, but at this point, I have no reason to think that plaintiff cannot represent himself.

In addition, this case is not complex when compared to many brought by pro se litigants. Plaintiff's suit raises a single claim of excessive force against a single defendant. Plaintiff was present during the incident and can testify about his experience, and plaintiff should be able to obtain any relevant medical records from defendant's counsel or the jail. I set forth the law governing plaintiff's claim in the screening order, dkt. #8, so plaintiff should not need to conduct extensive case law research. Plaintiff's job going forward will be to apply the facts to the legal framework set out by the court.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year nearly 400 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2018 and 2019, for example, the court was able to find approximately 20 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months for the court to locate counsel willing to accept the case. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help

of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

For these reasons, I will deny plaintiff's request for court assistance in recruiting counsel without prejudice. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff Bobby Antonio Clayton's motion for court assistance in recruiting counsel, dkt. #10, motion to amend his complaint, dkt. #12, and motion for a preliminary injunction, dkt. #14, are DENIED.

2. The clerk of court is directed to provide plaintiff with a copy of this court's procedures for obtaining injunctive relief.

Entered this 4th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge