IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOBBY ANTONIO CLAYTON,

                                                                                     ORDER

                   Plaintiff,

                                                                                     20-cv-148-bbc

     v.

JEFF SCHWANZ,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff Bobby Antonio Clayton, who is an inmate at the Monroe County jail, is proceeding on a claim that defendant Officer Jeff Schwanz used excessive force against him. In a previous order, I denied plaintiff's request for a preliminary injunction prohibiting defendant from having contact with plaintiff. Dkt. #20. I explained that plaintiff had failed to submit facts or evidence to support his request for emergency relief.

     Now plaintiff has filed another motion for preliminary injunctive relief. Dkt. #22. He asks that he be transferred from the Monroe County jail to another jail. He says that jail staff has opened his mail from the court, and that there is tension between him and jail staff that he thinks is a result of his lawsuit against defendant. He states, without providing any specifics, that other inmates have received privileges that he has not received.

     These are not sufficient reasons to grant plaintiff's request that he be moved to a different jail. As I explained previously, preliminary injunctive relief is an "extraordinary equitable remedy that is available only when the movant shows clear need." Turnell v. CentiMark Corp., 796 F.3d 656, 661 (7th Cir. 2015). Plaintiff provides little justification

1

for his request. It was not unlawful for jail staff to open and screen mail sent from the court in this case, as all of the mail sent from this court, in this case, is publicly available and does not constitute privileged legal mail. Nor has plaintiff shown that his has been denied access to the courts as a result of jail staff opening his mail. Kaufman v. McCaughtry, 419 F.3d 678, 686 (7th Cir. 2005) (opening mail violates prisoner's right of access to courts only if mail is privileged communication between prisoner and attorney and opening of mail impeded prisoner's ability to pursue nonfrivolous action in court). As for plaintiff's allegations that he feels tension in the jail and that other inmates have received privileges that he has not, his allegations are vague and do not show a likelihood that plaintiff would suffer irreparable harm absent an injunction.

Finally, I explained to plaintiff in the previous order that this court has specific procedures that must be followed by litigants requesting preliminary injunctive relief. The court provided those procedures to plaintiff. Under those procedures, a plaintiff must submit proposed findings of fact and evidence to support a request for injunctive relief. Going forward, I will not consider any future motions that plaintiff files requesting preliminary injunctive relief unless he complies with the procedures provided to him.

ORDER

IT IS ORDERED that plaintiff Bobby Antonio Clayton's motion to be transferred, dkt. #22, is DENIED.

Entered this 25th day of August, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge