IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOBBY ANTONIO CLAYTON,

                                                     OPINION AND ORDER

                Plaintiff,

                                                     20-cv-148-bbc

      v.

JEFF SCHWANZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Bobby Antonio Clayton is proceeding on claims that defendant Officer Jeff Schwanz used excessive force against him while plaintiff was incarcerated at the Monroe County jail. Now before the court is defendant's motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #28. Defendant has shown that plaintiff failed to exhaust his excessive force claim based on allegations that defendant placed plaintiff in a choke hold, so I will dismiss that claim. However, plaintiff exhausted his claims based on defendant slapping and shoving him down, so I will deny defendant's motion as to those claims.

OPINION

      Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly

1

take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the jail or prisoner administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88–89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants. Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust remedies at the Monroe County jail, an inmate must first attempt informal resolution of a problem with jail staff. Dkt. #29-1 at 20. If informal resolution is unsuccessful, the inmate must submit a formal grievance form to the jail sergeant within seven days of the incident being grieved. Id. If the inmate is dissatisfied with the way the jail sergeant resolves the grievance, the inmate may appeal to the jail lieutenant within three days of the grievance decision. Id. at 21. The lieutenant is the final decisionmaker for the grievance procedure.

The facts relevant to defendant's motion are undisputed. Plaintiff was booked at the jail in December 2018, at which time he was given electronic access to the inmate handbook and jail rules, including the grievance procedure. The alleged excessive force incidents with defendant occurred on September 3, 2018. According to plaintiff's complaint, defendant used force against him in three separate incidents that day: (1) defendant placed plaintiff in

2

a choke hold while plaintiff was playing cards; (2) defendant slapped plaintiff while plaintiff was standing in the dayroom; and (3) defendant performed a "take-down move" on plaintiff, causing plaintiff to fall and slam his back on a steel beam. Dkt. #1 at 2-3. That same day, plaintiff filed a timely grievance, stating that defendant had slapped his face and, later, caused plaintiff to fall backward and hit a pole. Plaintiff also stated that he needed medical care. Dkt. #29-2. The sergeant responded on September 8, stating, "As you are aware, this situation is being looked into and addressed properly. You were also given medical attention shortly after the incident." Id.

After receiving the sergeant's response, plaintiff appealed. He wrote in his appeal form that although the response to his grievance stated that the incident "was being addressed properly per in the jail and medical attention," plaintiff was "still being approached by the CO that injured me." Dkt. #29-2. He also wrote that he was having to fill out medical slips to receive ice. Id. The jail captain responded to plaintiff's appeal by stating that, "The CO referred to has not worked in the housing units" since"plaintiff filed his initial grievance, and that "incidental contact that may/has occurred since that day is part of his normal job duties." Dkt. #29-4. The captain also wrote that plaintiff had received medical attention. Id.

Defendant argues that plaintiff's grievance was not sufficient to exhaust an excessive force claim based on defendant's allegedly placing plaintiff in a choke hold. I agree. An inmate's complaint is sufficient for exhaustion purposes if it provides notice to jail officials of "the nature of the wrong for which redress is sought." Schillinger v. Kiley, 954 F.3d 990,

995 (7th Cir. 2020) (citation omitted). Plaintiff stated in his grievance that defendant had slapped him and caused him to fall into a steel pole, but the he does not mention the earlier, separate incident, in which defendant allegedly placed plaintiff in a choke hold. Plaintiff's grievance provided no notice to jail officials that defendant had placed plaintiff in a choke hold or that plaintiff thought defendant's use of a choke hold was excessive under the circumstances. Accordingly, I will dismiss plaintiff's claim based on the choke hold for his failure to exhaust his administrative remedies with respect to that claim.

Defendant also argues that plaintiff's appeal was not sufficient to alert jail officials that plaintiff was dissatisfied with the sergeant's response to his initial grievance. Defendant says that plaintiff's appeal mentioned only plaintiff's desire for medical care, but I disagree. Plaintiff's appeal shows that plaintiff did not think that the sergeant's response to his grievance was adequate or accurate. In addition to his complaints about medical care, plaintiff stated in his appeal that defendant was still approaching him, despite plaintiff's having complained about defendant's use of force. Plaintiff's statement was sufficient to alert jail officials that plaintiff was not satisfied with their response to his initial grievance. Accordingly, I will deny defendant's motion to dismiss plaintiff's excessive force claims based on defendant's alleged slapping and performing a "take-down" move on plaintiff.

ORDER

IT IS ORDERED that defendant Jeff Schwanz's motion for summary judgment, dkt. #27, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with

respect to plaintiff Bobby Antonio Clayton's claim that defendant use excessive force against him by placing him in a choke hold. That claim is DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust his administrative remedies before filing suit. Defendant's motion is DENIED in all other respects.

Entered this 6th day of January, 2021.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge